UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC RECORD MEDIA
2375 University Ave. W.
Suite 200
Saint Paul, MN 55114

   Plaintiff,

v.                Civil Action No._____

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. N.W.
Washington, DC 20530-0001

   Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations, 28 CFR Pt. 16 *et seq.* challenging the failure of the United States Department of Justice ("Justice") and its component, the Office of Information Policy ("OIP") to fulfill the request for information made on June 21, 2013 by Public Record Media, LLC, predecessor organization to plaintiff Public Record Media ("PRM").

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendant immediately and fully comply with plaintiff's request under the FOIA.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Public Record Media is a non-partisan, Minnesota-based nonprofit organization that uses freedom of information (FOI) laws to obtain and publish government data, as well as original articles about civic affairs issues. PRM also engages in public education about civic engagement tools, including FOI laws. PRM is a successor organization to Public Record Media, LLC, and controls certain intellectual property, including the FOIA request at issue in this action.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). OIP is a component of Justice. Defendant Justice is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA request of plaintiff.

## STATUTORY FRAMEWORK
### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill

the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

12. The Justice Department has FOIA regulations mandating its requirements to respond to FOIA requests. 28 C.F.R. Pt. 16 *et. seq.*

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF**

13. By letter (Exhibit A) dated June 21, 2013, plaintiff submitted a FOIA request to Carmen L. Mallon, Chief of Staff, OIP, seeking six (6) categories of records. The specific categories plaintiff sought were:

1. Any and all legal opinions and/or memorandum that constitute final determinations of policy and/or final opinions that relate to the interaction of "mass collection" programs with the Privacy Act of 1974 (5 U.S.C. § 552a);

2. Any and all legal opinions and/or memoranda that constitute final determinations of policy and/or final opinions that relate to the interaction of "mass collection" programs with the Electronic Communications Privacy Act of 1986 (18 U.S.C. §§ 2510-2522);

3. Any and all legal opinions and/or memoranda that constitute final determinations of policy and/or final opinions that relate to the interaction of "mass collection" programs with the Stored Communications Act (18 U.S.C. §§ 2701-12);

4. Any and all legal opinions and/or memoranda that constitute final determinations of policy and/or final opinions that relate to the interaction of "mass collection" programs with the Fourth Amendment of the United States Constitution;

5. Any and all documents that relate to minimization procedures utilized in the course of collecting, acquiring, accessing, storing, and/or analyzing communications-related data for mass collection programs;

6. Correspondence between any appointed official and/or staff member of the Office of the Attorney General, and any member of the United States Congress regarding any of the categories of documents listed above.

14. By letter (Exhibit B) dated July 8, 2013, to Carmen Mallon, Chief of Staff, OIP, plaintiff clarified its letter of June 21, 2013 by stating that its FOIA request was for records of "the Office of the Attorney General."

15. By letter (Exhibit C) dated July 30, 2013, OIP acknowledged plaintiff's request. OIP assigned the request number AG/13-04090(F). Further, OIP claimed that the request fell within "unusual circumstances" under the FOIA and that it needed to extend the time to respond to the request. OIP failed to provide an estimated completion date for the request.

16. By e-mail (<u>Exhibit D</u>) dated August 5, 2015, an attorney with OIP, Aleksandr Podolsky stated that he was still processing the request and wanted to see if plaintiff was still interested in the records.

17. Plaintiff responded to Podolsky and stated that PRM remained interested in the information. OIP subsequently communicated with plaintiff during 2016 seeking to know if PRM was still interested in the request. Plaintiff told OIP that it remained interested.

18. As of the date of this complaint, OIP has not made any determination of plaintiff's FOIA request. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA request;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's request;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(4) Order the defendant to release all records responsive to plaintiff's FOIA request;

(5) Order a disciplinary investigation of defendant's entire FOIA operations pursuant to 5 U.S.C. § 552(a)(4)(F);

(6) Award plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833


Attorney for Plaintiff

(6) Award plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Scott A. Hodes

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff